ELECTRONICALLY FILED - 2025 Sep 15 8:50 AM - RICHLAND - COMMON PLEAS - CASE#2025CP4006362

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | **IN THE COURT OF COMMON PLEAS** |
| **COUNTY OF RICHLAND** | **THE FIFTH JUDICIAL CIRCUIT** |
| **Debra Healy,** | **Civil Action No.: 2025-CP-40-** |
| **Plaintiff,** | |
| **v.** | **SUMMONS** |
| **Publix Super Markets, Inc.,** | **(Jury Trial Demanded)** |
| **Defendants.** | |

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your Answer to the said Complaint upon the subscribers at 1717 Marion Street, Columbia, South Carolina 29201, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, Plaintiff will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Complaint.

SIGNATURE PAGE FOLLOWS

ELECTRONICALLY FILED - 2025 Sep 15 8:50 AM - RICHLAND - COMMON PLEAS - CASE#2025CP4006362

Respectfully submitted,

*s/Joseph O. Thickens*

Joseph O. Thickens, S.C. Bar No. 101398
Stephen F. Krzyston, S.C. Bar No. 100666
Cavanaugh & Thickens, LLC
1717 Marion Street (29201)
Post Office Box 2409
Columbia, SC 29202
Tel: (803) 888-2200
Fax: (803) 888-2219
joe@ctlawsc.com
steve@ctlawsc.com

AND

Andrew L. Johnson, S.C. Bar No. 101536
Littlejohn Law, LLC
P.O. Box 549
Blythewood, SC 29016
(803) 764-4099

**ATTORNEYS FOR PLAINTIFF**

Columbia, South Carolina
September 15, 2025

ELECTRONICALLY FILED - 2025 Sep 15 8:50 AM - RICHLAND - COMMON PLEAS - CASE#2025CP4006362

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | **IN THE COURT OF COMMON PLEAS** |
| **COUNTY OF RICHLAND** | **THE FIFTH JUDICIAL CIRCUIT** |
| **Debra Healy,** | **Civil Action No.: 2025-CP-40-** |
| **Plaintiff,** | |
| **v.** | **COMPLAINT** |
| **Publix Super Markets, Inc.,** | **(Jury Trial Demanded)** |
| **Defendants.** | |

Now comes the Plaintiff, above-named, complaining of the Defendants, above-named, and does allege:

1. Plaintiff Debra Healy (hereinafter referred to as "Plaintiff") is a citizen and resident of Richland County, South Carolina.

2. Defendant Publix Super Markets, Inc. (hereinafter referred to as "Defendant Publix") is an entity organized and existing under the laws of a state other than South Carolina but is authorized to do business in the State of South Carolina, and owns or operates stores in Richland County, South Carolina.

3. That the Defendant Publix occupies the property located at 4611 Hard Scrabble Road in Columbia, South Carolina and operates a store on the premises.

4. That the Defendant Publix is subject to the jurisdiction of this Court by and through its commission of a tortious act within the territorial limits of the State of South Carolina pursuant to S.C. Code Ann. § 36-2-803(A)(3).

ELECTRONICALLY FILED - 2025 Sep 15 8:50 AM - RICHLAND - COMMON PLEAS - CASE#2025CP4006362

5. That the most substantial part of the acts and omissions giving rise to the cause of action alleged herein occurred in Richland County, South Carolina.

6. On or about February 3, 2025, the Plaintiff entered the Publix store located at located at 4611 Hard Scrabble Road, which is owned, managed, and/or operated by Defendant Publix to shop.

7. While Plaintiff was walking through the subject store, Plaintiff's foot became stuck in a sticky substance on the floor of the subject store and subsequently fell forwards to the floor.

8. Defendants were both responsible for the maintenance and upkeep of the subject premises.

9. As a result of the fall, Plaintiff suffered serious bodily injury.

10. The area where the Plaintiff fell was an area where customers normally and customarily walk and frequent.

11. The area had no warnings posted warning the Plaintiff of the hazardous condition of the floor.

12. As a result of this incident, the Plaintiff has incurred and will continue to incur substantial medical expenses, loss of enjoyment of life, pain and suffering, future impairment, property damage and lost wages.

**FOR A FIRST CAUSE OF ACTION**
**(Negligence, Gross Negligence, and Recklessness)**

13. Plaintiff re-alleges the allegations of the foregoing Paragraphs as if restated herein verbatim.

14. That the Defendant, individually, and by and through the aforementioned actions or omissions of their agents and servants, employees, and/or subsidiaries, who were acting within

ELECTRONICALLY FILED - 2025 Sep 15 8:50 AM - RICHLAND - COMMON PLEAS - CASE#2025CP4006362

the scope and employment of said agency, service and/or employment were negligent, reckless, careless, willful, wanton, and/or grossly negligent in the following particulars to wit:

a. In permitting the premises to remain in its current un-kept and un-maintained condition, thus creating a hazardous condition that the Defendants knew or should have known that such created an unreasonable risk of injury to Plaintiff and other business invitees;

b. In failing to keep their premises free from hazards;

c. In failing to keep the premises free from any obvious and latent defects;

d. In failing to properly and adequately warn the Plaintiff or other business invitees of unreasonable risks or hazards which existed on the Defendants' premises;

e. In failing to exercise that degree of care which a reasonably prudent business would exercise under the same and/or similar circumstances;

f. In failing to maintain a reasonably safe environment for its business invitees;

g. In failing to properly hire, train, and supervise its employees;

h. In creating a condition or activity on the premises that would prevent a reasonable person to apprehend a defect which would potentially cause injuries to someone on its premises and did so;

i. In placing and failing to discover unsafe conditions upon the Defendant's premises;

j. In failing to have policies and procedures in place for maintaining of the premises and thoroughfares or if such policies and procedures existed, in failing to follow the same;

k. In failing to prevent the injury caused to the Plaintiff that the Defendants and/or their agents had actual and/or constructive knowledge of such dangerous

ELECTRONICALLY FILED - 2025 Sep 15 8:50 AM - RICHLAND - COMMON PLEAS - CASE#2025CP4006362

condition and failed to remedy it;

l. In failing to have warnings posted;

m. In operating the business and maintaining its premises in utter disregard for the safety of its invitees;

n. In failing to maintain and repair its premises; and

o. In all other and further particulars that the evidence at trial may show.

All of which combined and concurred as a direct and proximate result the injuries that the Plaintiff alleged herein thus, in violations of the statutes and common law of the State of South Carolina.

15. That as a direct and proximate result of the aforementioned conduct of the Defendants, the Plaintiff suffered severe, permanent, and debilitating injuries, including great pain and suffering in the past, present and future, causing her to incur past, present and future medical expenses, shock, embarrassment, mental distress, permanent injury and impairment, mental anguish, emotional distress, as well as loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant for all actual damages, special damages, consequential damages, and punitive damages in an amount to be determined by the jury at the trial of this action, the costs and disbursements of this action, and for such other and further relief as this court deems just and proper.

The Plaintiff demands a jury trial.

SIGNATURE PAGE FOLLOWS

ELECTRONICALLY FILED - 2025 Sep 15 8:50 AM - RICHLAND - COMMON PLEAS - CASE#2025CP4006362

Respectfully submitted,

*s/Joseph O. Thickens*

Joseph O. Thickens, S.C. Bar No. 101398
Stephen F. Krzyston, S.C. Bar No. 100666
Cavanaugh & Thickens, LLC
1717 Marion Street (29201)
Post Office Box 2409
Columbia, SC 29202
Tel: (803) 888-2200
Fax: (803) 888-2219
joe@ctlawsc.com
steve@ctlawsc.com

AND

Andrew L. Johnson, S.C. Bar No. 101536
Littlejohn Law, LLC
P.O. Box 549
Blythewood, SC 29016
(803) 764-4099

**ATTORNEYS FOR PLAINTIFF**

Columbia, South Carolina
September 15, 2025

ELECTRONICALLY FILED - 2025 Sep 22 11:25 AM - RICHLAND - COMMON PLEAS - CASE#2025CP4006362

# AFFIDAVIT OF SERVICE

**State of South Carolina** | **County of Richland** | **Common Pleas Court**

Case Number: 2025CP4006362

Plaintiff:
**Debra Healy**

vs.

Defendant:
**Publix Super Markets, Inc**

For:
Cavanaugh & Thickens LLC
1717 Marion Street
Columbia, SC 29201

Received by Milligan & Associates LLC to be served on **PUBLIX SUPER MARKET INC. c/o Corporate Creations Network, Inc., 6650 Rivers Avenue, North Charleston, SC 29406**.

I, Tamara McDonald, being duly sworn, depose and say that on the **17th day of September, 2025 at 11:38 am, I:**

Served the within named corporation by delivering a true copy of the **Summons & Complaint, PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT PUBLIX SUPER MARKETS, INC. PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT PUBLIX SUPER MARKETS, INC** with the date and hour of service endorsed thereon by me to AMY OVERREACH as RECEIVING CLERK of the within named corporation, in compliance with State Statutes.

**Description** of Person Served: Age: 55, Sex: F, Race/Skin Color: W, Height: 5'5, Weight: 130, Hair: BLN, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 18th day of September, 2025 by the affiant who is personally known to me.

R.J. Zimmerman
PRINT NAME

NOTARY PUBLIC 12-20-31

REBECCA J. ZIMMERMAN
NOTARY PUBLIC
SOUTH CAROLINA
MY COMMISSION EXPIRES 12-20-31

**Tamara McDonald**
Process Server

**Milligan & Associates LLC**
**Process@MilliganAndAssociates.com**
**P.O. Box 4845**
**Florence, SC 29502-4845**
**(843) 667-4747**

Our Job Serial Number: DPM-2025000755
Ref: 25117 Publix

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0e

ELECTRONICALLY FILED - 2025 Oct 06 10:23 AM - RICHLAND - COMMON PLEAS - CASE#2025CP4006362

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| | ) | |
| **COUNTY OF RICHLAND** | ) | **THE FIFTH JUDICIAL CIRCUIT** |
| **Debra Healy** | ) | **Civil Action No.: 2025CP4006362** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **ANSWER** |
| **v.** | ) | |
| | ) | |
| **Publix Super Markets, Inc.** | ) | |
| | ) | **(Jury Trial Demanded)** |
| | ) | |
| **Defendant.** | ) | |

**COMES NOW,** the Defendant, Publix Super Markets, Inc. (hereinafter "Defendant") , by and through its undersigned attorneys, answering the Complaint of the Plaintiff, would allege and show unto the Court:

## FOR A FIRST DEFENSE

1. Each and every allegation of the Plaintiff's Complaint not specifically admitted herein is denied.

2. Defendant lacks sufficient knowledge and knowledge and information to form a belief as to the allegations of Paragraph 1 and thereby denies the same.

3. Paragraphs 2 and 3 are admitted.

4. Defendant lacks sufficient knowledge and knowledge and information to form a belief as to the allegations of Paragraph 4 through 13 and thereby denies the same.

5. Paragraphs 14 and 15 are denied.

6. To the extent the Prayer for Relief contains any allegations against this Defendant, those allegations are denied.

ELECTRONICALLY FILED - 2025 Oct 06 10:23 AM - RICHLAND - COMMON PLEAS - CASE#2025CP4006362

**FOR A SECOND DEFENSE**
**(Failure to State a Claim)**

7. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

8. Defendant would show that the Plaintiffs' Complaint fails to state a claim upon which relief can be granted, and therefore should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

**FOR A THIRD DEFENSE**
**(Comparative Negligence)**

9. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

10. Defendant would show that such injuries or losses that Plaintiffs sustained, if any, was due to and caused by the sole negligence, gross negligence, willfulness, wantonness, carelessness and recklessness of the Plaintiffs, combining, concurring and contributing with the negligence, if any, on the part of Defendant, to such a degree that Plaintiff's recovery is barred by the doctrine of comparative and/or contributory negligence in South Carolina.

**FOR A FOURTH DEFENSE**
**(Intervening and Superseding Negligence)**

11. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

12. Defendant would show that such injuries or losses that Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, was not due to or caused by any negligence on the part of the Defendant but was rather due to and caused by the contributing, concurring, intervening or

ELECTRONICALLY FILED - 2025 Oct 06 10:23 AM - RICHLAND - COMMON PLEAS - CASE#2025CP4006362

superseding fault, breach of warranty or act or omission of a third party, over which Defendant had no control.

**FOR A FIFTH DEFENSE**
**(Assumption of Known Risk)**

13. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

14. Defendant would show that the Plaintiff knew of the probable risk of injury or harm resulting from Plaintiff's actions, and therefore, Defendant would plead the doctrine of assumption of a known risk as a complete bar to this action.

**FOR A SIXTH DEFENSE**
**(Unavoidable Accident)**

15. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

16. Defendant would show that such injuries or losses that the Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by the negligence on the part of these Defendant, but was rather due to and caused by an unavoidable accident, thereby barring any claim whatsoever.

**FOR A SEVENTH DEFENSE**
**(Spoliation)**

17. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

18. Defendant would show that Plaintiff's Complaint is barred by the doctrine of spoliation.

ELECTRONICALLY FILED - 2025 Oct 06 10:23 AM - RICHLAND - COMMON PLEAS - CASE#2025CP4006362

**FOR AN EIGHTH DEFENSE**
**(Statute of Limitations)**

19. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

20. The Defendant would show that this action is barred by the applicable Statute of Limitations.

**FOR A NINTH DEFENSE**
**(Improper Venue)**

21. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

22. Defendant plead the defense of improper venue for forum *non conveniens* reasons or otherwise.

**FOR A TENTH DEFENSE**
**(Punitive Damages)**

23. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

24. Defendant alleges that the Plaintiff's claim for punitive damages violates both the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

25. Defendant alleges that the Plaintiff's claim for punitive damages violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 3 of the South Carolina Constitution because, even if it could be argued the standard governing the imposition of punitive damages exists, the standard would be void due to vagueness.

ELECTRONICALLY FILED - 2025 Oct 06 10:23 AM - RICHLAND - COMMON PLEAS - CASE#2025CP4006362

26. Defendant alleges that the Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of the Defendant.

27. Defendant alleges that the Plaintiff's claim of punitive damages violates the doctrine of separation of powers and Article I, Section 3 of the South Carolina Constitution because punitive damages are a creation of the Judicial Branch of government which invades the province of the Legislative Branch of government.

28. Defendant would show, upon information and belief, that the Plaintiff's claim for punitive Damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that Defendant could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because Defendant can be compelled to give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiff's claim for punitive damages violates Defendant's right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills this Defendant's exercise of that right; the Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed; the Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague

ELECTRONICALLY FILED - 2025 Oct 06 10:23 AM - RICHLAND - COMMON PLEAS - CASE#2025CP4006362

and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiff's claim for punitive damages should be dismissed.

29. Defendant pleads all applicable statutory caps on punitive damages, including but not limited to the caps described in S.C. Code Ann. § 15-32-530, *et seq*., as amended.

30. Defendant demands bifurcation of the actual and punitive damages phases of the trial.

**FOR AN ELEVENTH DEFENSE**
**(Open and Obvious)**

31. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

32. Defendant would show that the condition which Plaintiff contends caused his injuries was open and obvious.

**FOR A TWELFTH DEFENSE**
**(Status of Plaintiff)**

33. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

34. The status of Plaintiff was such that he was a trespasser or licensee and as such any duty owed by Defendant was not violated.

**WHEREFORE**, having fully answered, the Defendant prays that the Plaintiff's Complaint be dismissed with costs, for attorney's fees and such other and further relief this Court deems just and proper.

ELECTRONICALLY FILED - 2025 Oct 06 10:23 AM - RICHLAND - COMMON PLEAS - CASE#2025CP4006362

The Defendant demands a jury trial.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/Ryan C. Holt
Ryan C. Holt, SC Bar No. 78338
Mary Cothonneau Eldridge, SC Bar No. 102698
1515 Lady Street
Post Office Box 12129
Columbia, South Carolina 29211
(803) 256-2233

**ATTORNEYS FOR DEFENDANT**

Columbia, South Carolina

October 6, 2025